**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**LOUIS SPARKS,**

    **Plaintiff,**

v.                                                             **CASE NO. 8:06-CV-1597-T-EAJ**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    **Defendant.**
_____/

**ORDER**

Before the court is Plaintiff's **Application for Attorney Fees under the Equal Access to Justice Act** (Dkt. 28). Plaintiff requests an award of attorneys' fees in the amount of $3,935.52 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (1992).  No response was filed by Defendant.  As such, Plaintiff's motion is deemed unopposed.

Plaintiff represents that the amount of attorneys' fees requested consists of 3.5 hours of work in 2006 at a rate of $161.85 per hour, and 2.9 hours of work in 2007 at a rate of $165.15 per hour, by attorney Michael A. Steinberg, Esq. for a total of $1,045.40.   Plaintiff also represents that the Martin Cohen, Esq. spent 17.50 hours in 2007 at a rate of $165.15 per hour for a total of $2,890.12. Plaintiff states that Defendant agrees with Plaintiff's application.  As will be discussed infra, Plaintiff has satisfied all jurisdictional requirements for this court to grant the instant motion for attorneys' fees.

The EAJA permits an award of "fees and other expenses" to an individual who prevails in a suit in which the government is a party and the government's litigating position was not "substantially justified," unless special circumstances make an award unjust. § 2412(d)(1)(A). This

court's order remanding this case to the Commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g) (Dkts. 23, 26, 27) entitles Plaintiff to prevailing party status under the EAJA because Plaintiff obtained a "sentence four" judgment. Shalala v. Schaefer, 509 U.S. 292, 302-03 (1993). In this case, the Government's position was not substantially justified.

The EAJA requires a party seeking an award of fees to submit an application for such fees to the court "within thirty days of final judgment in the action." § 2412(d)(1)(B). The EAJA defines "final judgment" as a judgment that is "final and not appealable." § 2412(d)(2)(G). Thus, in sentence four cases, the period for requesting an award of fees begins after the final judgment is entered by the court and the appeals period has run, so that the judgment is no longer appealable. Schaefer, 509 U.S. at 298. See also Melkonyan v. Sullivan, 501 U.S. 89, 102 (1991); Boronat v. Sullivan, 788 F. Supp. 557, 559-60 n.3 (S.D. Fla. 1992) (thirty-day period for filing EAJA application for attorneys' fees begins after the court enters final judgment and the sixty-day appeals period has run).

Judgment for Plaintiff was entered on August 29, 2007 (Dkt. 27), and Plaintiff's motion for attorneys' fees (Dkt. 28) was filed on November 27, 2007. By the date of this order, the sixty-day appeals period has run and the court's remand order has become the final judgment and is no longer appealable. Accordingly, this court has jurisdiction to award the requested fees.

Moreover, as the hourly rate and number of hours are not in dispute, the court finds it unnecessary to determine whether the application, if contested, otherwise complies with the EAJA. This court will therefore grant Plaintiff's request for attorneys' fees.[1]

---

[1] Because the motion clearly requests that fees be paid to Plaintiff, not Plaintiff's counsel, there is no need to defer ruling on Plaintiff's motion pending a decision by the Eleventh Circuit in the appeal of Reeves v. Barnhart, 473 F. Supp. 2d 1173 (M.D. Ala. 2007).

Accordingly and upon consideration, it is **ORDERED AND ADJUDGED** that:

(1)  Plaintiff's **Application for Attorney Fees** (Dkt. 28) is **GRANTED**; and

(3)  Plaintiff shall be awarded $3,935.52 in attorneys' fees.

**DONE AND ORDERED** in Tampa, Florida this 29th day of January, 2008.

ELIZABETH A JENKINS
United States Magistrate Judge

3